```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
NYC IMAGE INTERNATIONAL, INC.,                           :
                                                         :
                                    Plaintiff,           :
                                                         :       19-CV-10355 (VSB)
            - against -                                  :
                                                         :       **OPINION & ORDER**
                                                         :
RS USA, INC, MD RUSTOM ALI                               :
                                                         :
                                    Defendants.          :
                                                         :
-------------------------------------------------------- X
```

Appearances:

Alexandra Kamenetsky Shea
Lewis Donald Prutzman, Jr.
Maryann Concettina Stallone
Tannenbaum Helpern Syracuse & Hirschtritt LLP
New York, NY
*Counsel for Plaintiff*

Steven Benjamin Ross
Law Office of Steven B. Ross
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff NYC Image International, Inc. ("Plaintiff" or "NYC Image") brings this action for copyright infringement pursuant to Section 501 of the Copyright Act, 17 U.S.C. § 101 *et seq.* Before me is Defendants RS USA, Inc.'s ("RS USA") and MD Rustom Ali's ("Ali" and together with RS USA, "Defendants") motion to dismiss NYC Image's Complaint. (Doc. 1.) For the reasons that follow, the motion to dismiss is DENIED.

I.     **<u>Factual Background</u>**[1]

Plaintiff NYC Image is a New York corporation based in Brooklyn, New York.  (Compl. ¶ 5.)  RS USA is a New York corporation based in Jackson Heights, New York, and Ali, who resides at the same address where RS USA is located, is the principal of RS USA.  (*Id.* ¶¶ 6–7.)  NYC Image designs and sells apparel wholesale to retail shops in New York City.  (*Id.* ¶ 8.)  One of NYC Image's designs is the "Vintage American Flag Design" (the "Design") that has been featured on a wide range of apparel since as early as March 2014.  (*Id.*)  NYC Image owns all right, title, and interest in the copyright in its Design, and has a registered copyright in the Design bearing Copyright Number VA0002167568, with an initial publication date of March 7, 2014.  (*Id.* ¶¶ 8–9.)[2]  The Design is as follows:



RS USA, at Ali's direction, began using the following design (the "Infringing Design"):

---

[1] The facts set forth herein are taken from the allegations contained in the Complaint.  (Doc. 1.)  I assume Plaintiff's allegations in the Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] The Design was later registered with the Copyright Office on July 24, 2019.  (Declaration of David Schwartz in support of Defendants' motion to dismiss, Ex. B (Doc. 13-2.).)



(*Id.* ¶¶ 10–11.)  Defendants have utilized the Infringing Design in the precise way that NYC Image uses its Design—by selling apparel containing the Infringing Design wholesale to retail shops in New York City.  (*Id.* ¶ 13.)  NYC Image's customers have reported that Defendants have approached them and offered to undercut NYC Image's pricing for the Design by selling them apparel containing the Infringing Design at a lower price.  (*Id.* ¶ 14.)

NYC Image has never licensed its Design to Defendants for any purpose, and has repeatedly requested that Defendants cease and desist from utilizing the Infringing Design.  (*Id.* ¶¶ 15–16.)  After the first such cease and desist request, Ali responded that the sales of the Infringing Design were a "mistake," but Defendants have continued selling products featuring the Infringing Design.  (*Id.* ¶ 16.)

**II.   Procedural History**

Plaintiff filed the Complaint on November 7, 2019, (Doc. 1), and an AO 121 Form Copyright Notice on November 11, 2019, (Doc. 7), which was submitted by the Clerk's office on November 12, 2019, (Doc. 10).  Defendants filed a motion to dismiss the Complaint on December 21, 2019, supported by a memorandum of law, and a declaration with exhibits.  (Docs. 11–13.)  Plaintiff filed a memorandum of law in opposition to the motion to dismiss on January 24, 2020, supported by a declaration with exhibits.  (Docs. 17–18.)  This motion became fully briefed when Defendants filed their reply memorandum of law on February 10, 2020.  (Doc. 21.)

### III. <u>Legal Standard</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### IV. Discussion

#### A. *Applicable Law*

"To prevail on a claim of copyright infringement, a plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108–09 (2d Cir. 2001). Infringement, in turn, requires a plaintiff to demonstrate both that: "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work]." *Id.* at 110 (internal quotation marks and emphasis omitted). In other words, a work that "closely resembles" a copyrighted work will not infringe that work where the "similarity is . . . not the result of copying." *Id.* (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345–46 (1991)).

To determine whether two works share a substantial similarity of expression, the standard test "is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (internal quotation marks omitted). Where a work contains both protectable and unprotectable elements, however, the analysis must be "more discerning." *Id.* (citation omitted). Put differently, a court, "confronted with an allegedly infringing work, must analyze the two works closely to figure out in what respects, if any, they are similar, and then determine whether these similarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is [due] to something in the original that is free for the taking." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134–35 (2d Cir. 2003).

Courts have developed a number of general principles to identify the elements of a work

that are "free for the taking" and therefore not protectable. *See id.* Some of these principles include:

- "[W]hen there is essentially only one way to express an idea, the idea and its expression are inseparable and copyright is no bar to copying that expression." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707–08 (2d Cir. 1992) (citation omitted) (setting forth the "merger doctrine").

- Copyright protection does not extend to "*scenes a faire*," or devices, elements, or sequences of events that "necessarily result from the choice of a setting or situation." *Williams v. Crichton,* 84 F.3d 581, 587 (2d Cir. 1996) (internal quotation marks omitted); *see also MyWebGrocer, LLC v. Hometown Info, Inc.,* 375 F.3d 190, 194 (2d Cir. 2004) (*scenes a faire* are "unprotectible elements that follow naturally from a work's theme rather than from an author's creativity").

- Material found in the public domain is not protectible. *Comput. Assocs. Int'l*, 982 F.2d at 707.

- Stock characters and basic character types are not entitled to copyright. *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 310 (S.D.N.Y. 1999).

- "[W]ords, short phrases, titles, and slogans are not subject to copyright," although copying of a phrase may be actionable "if the phrase amounts to a sequence of thoughts, choice of words, emphasis, and arrangement to satisfy the minimal threshold of required creativity, or if the copier has quoted or paraphrased a sequence of creative expression that includes an ordinary phrase." *Lewinson v. Henry Holt & Co.*, 659 F. Supp. 2d 547, 568 (S.D.N.Y. 2009) (internal quotation marks omitted) (collecting cases).

"[A] defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of [unprotectible components] . . .—are considered in relation to one another." *Gaito*, 602 F.3d at 66 (citing *Tufenkian Imp./Exp. Ventures, Inc.*, 338 F.3d at 134). Thus, "even a compilation of unprotectable elements may enjoy copyright protection when those elements are arranged in an original manner." *Hogan*, 48 F. Supp. 2d at 309. The court's analysis should be principally guided by a comparison of the "total concept and overall feel" of both works. *Gaito*, 602 F.3d at

6

66 (citation omitted). Ultimately, then, the court's inquiry "focuses on whether the alleged infringer has misappropriated the original way in which the author has selected, coordinated, and arranged' the elements of his or her work." *Id.* Merely listing "random similarities scattered throughout the works" cannot, on its own, support a finding of substantial similarity "because it fails to address the underlying issue: whether a lay observer would consider the works as a whole substantially similar to one another." *Williams*, 84 F.3d at 590 (internal quotation marks omitted).

"Though the issue of substantial similarity is frequently a fact issue for jury resolution," *Warner Bros., Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 239 (2d Cir. 1983), the Second Circuit has "held that the issue can be decided as a matter of law, even at the pleading stage, by examining the four corners of the complaint together with the works themselves when 'no reasonable jury, properly instructed, could find that the two works' are strikingly similar," *Wager v. Littell*, 549 F. App'x 32, 34 (2d Cir. 2014) (summary order) (quoting *Gaito*, 602 F.3d at 63–64). In other words, "no discovery or fact-finding is typically necessary, because what is required is only a . . . comparison of the works." *Gaito*, 602 F.3d at 64 (internal quotation marks omitted) (affirming district court's dismissal of copyright action under Rule 12(b)(6) for lack of substantial similarity between two architectural proposals). On such a comparison, "the works themselves supersede and control . . . any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Id.* (internal quotation marks omitted); *see also Lombardo v. Dr. Seuss Enters., L.P.*, 279 F. Supp. 3d 497, 504 (S.D.N.Y. 2017) ("Numerous courts in this district have resolved the issue of fair use on a motion for judgment on the pleadings by conducting a side-by-side comparison of the works at issue."), *aff'd*, 729 F. App'x 131 (2d Cir. 2018).

7

B.  *Application*

Defendants move to dismiss the Complaint arguing that: (i) the Design does not qualify for copyright protection; and (ii) the works are not substantially similar.[3] (Doc. 12, at 2–8.) These arguments fail.

Defendants argue that the Design does not qualify for copyright protection because the Design is a variation of a work in the public domain, the American flag, that does not demonstrate even a modicum of creativity. (*Id.* at 3.) I disagree. "The sine qua non of copyright is originality." *N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 113 (2d Cir. 2007). While this is "a low threshold," "[t]he law requires more than a modicum of originality" and the Copyright Act "has been interpreted to require a distinguishable variation that is more than merely trivial." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 782 (2d Cir. 1994). "[W]hile a copy of something in the public domain will not, if it be merely a copy, support a copyright, a distinguishable variation will." *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 (2d Cir. 1976) (citation omitted). Plaintiff asserts that the copyrightable elements of the Design include "the particular distressed appearance, text[,] and arrangement." (Doc. 17, at 12.)

An examination of the Design confirms that these elements involve more than a modicum of originality. The particular distressed appearance of the American flag in the Design employs unique coloring, shading, highlighting, and a tattered edge pattern that distinguishes the Design from a standard American flag. Indeed, the Design in this way deviates from the specific criteria

---

[3] Although Defendants question the validity of Plaintiff's ownership of the copyright in the Design, citing the fact that Plaintiff registered its copyright in the Design more than five years after the first publication of the Design, (Doc. 12, at 3,) "[w]here registration has been made more than five years after first publication of the work, the evidentiary weight to be accorded the certificate of a registration is within the discretion of the court," *Stern v. Lavender*, 319 F. Supp. 3d 650, 669 (S.D.N.Y. 2018) (citing 17 U.S.C. § 410(c)); *see also Davidson v. United States*, 138 Fed. Cl. 159, 170 (Fed. Cl. 2018) (finding that Plaintiff's work was sufficiently original for copyright purposes even though his "copyright registration was not within five years of the public availability of his work."). At this stage, I find that Plaintiff has adequately pled ownership of a valid copyright in the Design.

set forth in federal law for how American flags must be displayed. *See, e.g.*, 4 U.S.C. § 8(k) (disallowing display of flags "in such a condition that it is no longer a fitting emblem for display"); Exec. Order No. 10834, 24 Fed. Reg. 6865 (Aug. 21, 1959) (specifying dimensions of American flags for use by executive agencies). I note that "even though a particular color is not copyrightable, the author's choice in incorporating color with other elements may be copyrighted." *Boisson v. Banian, Ltd*, 273 F.3d 262, 271 (2d Cir. 2001). In this instance, the subdued variations on the red, white, and blue colors appear to be a deliberate artistic choice to incorporate vintage-looking coloring into the Design, complementing the tattered edge, and giving the Design a dirty or soiled look. In addition, although the words "New York City" themselves are not original, the placement of the words below a vintage-looking American flag may constitute a protectible element. *Cf. id.* at 269 ("[T]he alphabetical arrangement of the letters in the five-by-six block format required some minimum degree of creativity, which is all that is required for copyrightability. Moreover, unlike the use of letters, no federal regulation establishes that the use of this layout is unprotectible. These factors create a presumption that the layout is original and therefore a protectible element.").

Therefore, at the motion to dismiss stage, I find the Complaint plausibly alleges that the Design includes original elements making the Design a distinguishable variation of the American flag, and therefore reject Defendants' argument that the Design is not copyrightable.[4] It is clear that individuals can use recognizable images, which themselves might be in the public domain, to create derivative works that have sufficient originality to be copyrighted. *See, e.g.*, *Davidson v. United States*, 138 Fed. Cl. 159, 170–72 (Fed. Cl. 2018) (finding that even though Plaintiff created replica of Statue of Liberty, there were "meaningful" enough differences for Plaintiff's

---

[4] In so concluding, I reject Defendants' *scenes a faire* and merger doctrine arguments.

9

replica to have sufficient originality for copyright purposes); *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 34–35 (2d Cir. 1982), *superseded on other grounds by statute*, (finding that numerous small changes in drawing of Paddington Bear "satisfie[d] the minimal requirements of originality for registration under the Copyright Act."); *but see Sweet Gisele, Inc., v. True Rock CEO LLC*, 2018 WL 4863650, No. 17-cv-5170 (E.D.N.Y. Sept. 4, 2018) (finding artistic renderings of Statue of Liberty in front of other New York City landmarks *scenes a faire*); *Past Pluto Prods. Corp. v. Dana*, 627 F. Supp. 1435 (S.D.N.Y. 1986) (finding insufficient originality to protect hats depicting the Crown of Liberty). However, "[i]n the case of a derivative work based on an underlying work that is in the public domain, only the material added to the underlying work is protected by copyright." *Waldman Publ. Corp.*, 43 F.3d at 782.

Plaintiff has clearly alleged that Defendants have copied protectable elements of the Design and that the Infringing Design is substantially similar to the Design. Although the Infringing Design contains different coloration and highlighting, the layouts of the Design and Infringing Design are nearly identical. Furthermore, although Defendants claim that "*all of the frays* . . . on all sides of the flags are different," (Doc. 12, at 7), this is demonstrably false. Instead, a close examination of the tattered edge patterns in the Design and Infringing Design reveals that the pattern on the Infringing Design appears to be a vertical mirror image of the Design. Again, "a defendant may infringe on the plaintiff's work not only through literal copying of a portion of it," in this case the tattered edge pattern, "but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art . . . are considered in relation to one another," in this case the particular vintage-looking, tattered edge flag design accompanied by the words New York City. *Gaito*, 602 F.3d at 66 (internal quotation marks and citation omitted). Thus, Plaintiff plausibly alleges that Infringing Design

copies the "total concept and overall feel" of both works, *id.*, in addition to particular copyrightable elements, and I cannot conclude as a matter of law that "'no reasonable jury . . . could find that the two works' are strikingly similar," *Wager*, 549 F. at 34 (quoting *Gaito*, 602 F.3d at 63–64).

## V.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss, (Doc. 11), is DENIED. Defendants shall file an answer to the Complaint within thirty days of the date of the filing of this Opinion & Order. The Clerk is directed to terminate the open motions at Documents 11 and 19.

SO ORDERED.

Dated: October 16, 2020
       New York, New York

_____
Vernon S. Broderick
United States District Judge